UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | |
| VS. | § | CR ACTION NO. 4:02-36-1 |
| | § | |
| MANUEL LORENZO GARCIA | § | |
| (CA H-10-4548) | § | |

## OPINION AND ORDER

Pending before the Court are Manuel Lorenzo Garcia's objections (Doc. 457) to Magistrate Judge Stacy's Memorandum and Recommendation (Doc. 453) dismissing Garcia's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 443.

Judge Stacy determined that Garcia's motion was filed on November 12, 2010, more than two years after August 29, 2007, the date on which his conviction became final for purposes of Section 2255(1). Doc. 453 at 6. Garcia objects on the grounds that his claim is subject to equitable tolling as he has been incarcerated, he is not a native English speaker, and has been unable to seek counsel. Doc. 457. Judge Stacy addressed the applicability of equitable tolling to Garcia's motion and found that no "rare and exceptional circumstances" warranted tolling the limitations period. Doc. 453 at 6. This Court later denied Garcia's motion for appointment of counsel to assist with his motion for post-conviction relief on the grounds that "there is no constitutional right to counsel in post-conviction proceedings." Doc. 456 (quoting *Ford v. U.S.*, 363 F.2d 437 (5th Cir. 1966). Because Garcia has failed to demonstrate rare and exceptional circumstances warranting equitable tolling to his case, the Court agrees with Judge Stacy that Garcia's motion to vacate or set aside sentence is time barred. The Court therefore adopts Judge Stacy's memorandum and recommendation as its own and

**ORDERS** that the Government's motion to dismiss (Doc. 452) Movant Manuel Lorenzo Garcia's § 2255 motion to vacate, set aside, or correct his sentence (Doc. 443) is DENIED and this proceeding is DISMISSED.

SIGNED at Houston, Texas, this 26th day of July, 2012.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE